**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JASON HINZO,

      Petitioner,

v.                                                             No. CIV 13-228 LH/LFG

DEREK WILLIAMS, Warden, and
GARY K. KING, NEW MEXICO
ATTORNEY GENERAL,

      Respondents.

**MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDED DISPOSITION**[1]

**Introduction**

    1.    This matter is before the Court on Respondents' Motion to Dismiss Petitioner Jason Hinzo's ("Hinzo") § 2254 petition with prejudice. [Doc. Nos. 10, 11.] Respondents Derek Williams, Warden, and Gary K. King, New Mexico Attorney General ("Respondents") argue that Hinzo's March 8, 2013 petition [Doc. 1] is time-barred under 28 U.S.C. § 2244(d)(1) and must be dismissed, with prejudice. Respondents further assert that

---

[1] Within fourteen (14) days after a party is served with a copy of the findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the 14-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed. *See, e.g.*, Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004) ("firm waiver" rule followed in Tenth Circuit holds that a party who fails to object to magistrate judge's findings and recommendations in timely manner waives appellate review of both factual and legal questions).

nothing in the record justifies invocation of the doctrine of equitable estoppel to excuse Hinzo's delay. [Doc. 11.]

2. On July 22, 2013, Hinzo filed a response in opposition to the Motion to Dismiss. He argues in part, the merits of his conviction, *i.e.,* that no reasonable fact finder would have found him guilty of the underlying offense or that he was innocent. [Doc. 15, at 2.] In addition, Hinzo asserts that he diligently sought to secure justice and due process in this matter for roughly six years. [Id., at 3.] In essence, Hinzo contends that his March 8, 2013 petition is timely or subject to equitable tolling.

3. On August 1, 2013, Respondents filed a reply again explaining their position why Hinzo's petition is untimely and subject to dismissal. [Doc. 19.] On August 20, 2013, Hinzo filed objections to Respondents' reply which the Court construes as a surreply. [Doc. 21.] Hinzo re-asserts the argument that his petition is not time-barred or subject to equitable tolling.

**Summary of Conviction and State Court Proceedings Related to Conviction**

4. On May 25, 2007, Hinzo was found guilty of the following offenses: third-degree felony of aggravated assault on a peace officer, in violation of NMSA 1978 § 30-22-22(A)(1); fourth-degree felony of aggravated fleeing a law enforcement officer, in violation of NMSA 1978 § 30-22-1.1; fourth-degree felony of possession of a controlled substance (narcotic drug), in violation of NMSA 1978 § 30-31-23(D); and possession of drug paraphernalia, a misdemeanor, in violation of NMSA 1978 § 30-31-25.1(A). [Doc. 9-1, Ex. A.] On August 13, 2007, Hinzo was sentenced as an habitual offender to a term of

imprisonment of 20 years and 6 months. [Doc. 9-1, at 3.] The sentence was suspended in part, resulting in an actual term of incarceration of 16 years, followed by a 2-year term of parole. [Id.] On August 28, 2007, the Judgment and Order Partially Suspending Sentence was entered.

5.  On September 14, 2007, Hinzo filed a Notice of Appeal. [Doc. 9-1, Ex. C.] On October 12, 2007, Hinzo submitted a Docketing Statement. [Id., Ex. D.] On March 11, 2008, the New Mexico Court of Appeals entered a Memorandum Opinion affirming Hinzo's convictions. [*See* Doc. 9-1, Exhs. E (Proposed Summary Disposition); F (Defendant-Appellant's Opposition); and G (appellate decision).] On March 19, 2008, Hinzo filed a Petition for Writ of Certiorari [Doc. 9-1, Ex. H] that was denied on April 11, 2008 [Id., Ex. I]. The mandate issued on May 22, 2008. [Id., Ex. J.]

6.  On August 18, 2008, Hinzo filed a Motion to Amend Judgment and Sentence. [Id., Ex. K.] On August 29, 2008, the Third Judicial District Court dismissed Hinzo's motion without an evidentiary hearing. [Id., Ex. L.]

7.  On February 25, 2009, Hinzo filed a Motion Requesting an Evidentiary Hearing and Appointment of Counsel that was denied on March 12, 2009. [Doc. 9-1, Exhs. M, N.] In denying the request, the state district court observed that Hinzo had no state court habeas petition or motion for post-conviction relief pending.

8.  On April 15, 2009, Hinzo filed an untimely petition for writ of certiorari. On April 23, 2009, the New Mexico Supreme Court returned the petition to Hinzo due to untimeliness. [Id., Exhs. O, O(1).] Yet, New Mexico Supreme Court also issued an Order on

April 24, 2009 denying the petition for writ of certiorari. [Id., Ex. P.] Respondents note that Hinzo's petition apparently was submitted without a properly filed petition for writ of habeas corpus. [Doc. 11, at 2 n. 1.] The state court's denial of Hinzo's request for evidentiary hearing observed that Hinzo stated he attached a copy of his *federal* habeas petition to his motion, but there was no *state* habeas petition filed. [Id.]

9. On May 13, 2009, Hinzo filed a federal habeas proceeding (*see* discussion below). About six weeks later, on June 26, 2009, during the pendency of the federal habeas petition, Hinzo filed a first state habeas petition, along with a motion to amend the state habeas petition. [Doc. 9-2, Exhs. Q, R.]

10. The federal habeas proceeding was ongoing when the state court, on August 12, 2009, issued an order dismissing the first state habeas petition. [Id., Ex. S.] The state court judge observed that Hinzo could seek review of the denial by petitioning the New Mexico Supreme Court within 30 days of entry of the August 12, 2009 Order. [Id., at 5.] No such petition appears in the record. [*See* Doc. 11, at 3.]

## Federal Habeas Petitions

**I.   First Federal Habeas Proceeding, No. CIV 09-489**

11. On May 13, 2009, Hinzo filed his first federal § 2254 petition. The Court ultimately found it was a mixed petition subject to dismissal, without prejudice (Hinzo v. Tapia, et. al., No. CIV 09-489 MCA/LFG). In that proceeding, similar to this matter, Hinzo challenged the judgment and sentence entered by the Third Judicial District Court, Doña Ana County, New Mexico (State v. Hinzo, No. CR-2006-1405). On February 9, 2010, the United

States District Court adopted the Magistrate Judge's Report and Recommendation, thereby granting Respondents' motion to dismiss and entered Judgment in favor of Respondents. The 2009 federal petition was dismissed, without prejudice. [Doc. Nos. 21, 30, 31 in No. CIV 09-489.]

12.     In the Order Adopting Magistrate Judge's Second Findings and Recommended Disposition, the Court concluded Hinzo presented a mixed petition, containing one exhausted claim, several unexhausted claims, and some procedurally defaulted claims. The Court dismissed the unexhausted and exhausted claims, without prejudice and dismissed the procedurally defaulted claims, with prejudice. [Doc. 30.] On February 24, 2010, Hinzo appealed. [Doc. 32.]  On May 19, 2010, the Tenth Circuit entered an Order and Judgment, reversing this Court's decision and remanding for further proceedings. The Tenth Circuit clarified that when faced with a mixed petition, the Court may either dismiss the entire petition to permit exhaustion of state remedies, or deny the petition on the merits. Hinzo v. Tapia, No. 10-2043 (10th Cir. May 19, 2010) (unpublished). The District Court set aside its previous Order [Doc. 30] and dismissed the entire proceeding, without prejudice, in accordance with Tenth Circuit instructions. [Doc. 41.] The Amended Final Judgment was entered on June 29, 2010. [Doc. 42.]

13.     Importantly, during the first federal habeas proceeding, the Magistrate Judge issued an Order to Show Cause [Doc. 13, at 2] summarizing Hinzo's exhausted and unexhausted claims. The Court then explained the options in addressing a mixed petition. The Court specifically informed Hinzo that he could dismiss his unexhausted claims and

5

proceed with that petition as to the one exhausted claim. [Id. at 6.] Or, Hinzo was advised he could have the entire petition dismissed without prejudice. [Id.] The Court expressly stated that if Hinzo chose to dismiss the entire action without prejudice in order to attempt to exhaust all claims in state court, "the one-year statute of limitations will apply when he refiles [in federal court]. 28 U.S.C. § 2244(d)." [Id.] The Court noted in the Show Cause Order that while the limitations period is tolled during the time any properly filed habeas application is pending in state court, the limitations period is not tolled during the time Hinzo's federal habeas petition was pending before the United States District Court. Suffice to say, Hinzo never elected to proceed with the one exhausted claim. As summarized above, the first habeas proceeding was dismissed, without prejudice, but with the *caveat* that Hinzo could face a statute of limitations bar if he were to attempt to exhaust his claims in state court and then refile a habeas petition in federal court.

14. On October 8, 2010, after dismissal of his first federal habeas proceeding, Hinzo filed a second habeas petition in state court. [Doc. 9-2, Ex. CC.] On November 12, 2010, the state district court dismissed the second state habeas petition based, in part, on Hinzo's failure to provide any facts or argument to support his contention that the conviction or sentence was illegal. [Id., Ex. DD.]

15. On December 8, 2010, Hinzo filed a Petition for Writ of Certiorari, and on January 10, 2011, the New Mexico Supreme Court denied it. [Doc. 9-3, Exhs. EE, FF.] On March 5, 2012, Hinzo filed a third state habeas petition with requests for an evidentiary hearing and appointment of counsel. [Id., Exhs. GG, HH.] On July 26, 2012, the state court

denied the request noting Hinzo did not raise any new issues and that the court already addressed an identical motion by way of an Order entered August 12, 2009. [Id., Ex. II.] On August 22, 2012, Hinzo filed a petition for writ of certiorari that the New Mexico Supreme Court denied by Order entered September 28, 2012. [Id., Exhs. JJ, KK.]

16.  This concluded Hinzo's state court filings. [Doc. 9-4, Ex. LL.] He next filed the present or second federal habeas petition.

## II.   Second Federal Habeas Proceeding, No. CIV 13-228

17.  On March 8, 2013, Hinzo filed 15-page federal habeas application with multiple page attachments, including additional arguments and copies of state and federal court orders. [Doc. 1.] The second federal habeas petition generally raises the same claims set out in Hinzo's first federal habeas petition. [*See* Doc. 21, at 6-8 in No. CIV 09-489, for summary of claims.] To the extent Hinzo attempts to assert a new claim not previously raised, the rules and constrictions pertaining to second or successive petitions would apply. *See, e.g.,* Case v. Hatch, ___ F.3d ___, 2013 WL 1501521, at *8-12 (10th Cir. Apr. 12, 2013) (outlining procedures employed when dealing with second or successive petitions), *cert. denied*, 2013 WL 3733586 (U.S. Oct. 7, 2013); *but see* Slack v. McDaniel, 529 U.S. 473, 487 (2000) (petition is not considered second or successive where it merely re-asserts claims already raised in a previously filed petition that was dismissed for failure to exhaust state court remedies).

18.     On May 28, 2013, Respondents filed an Answer with copies of state and federal court motions and orders. [Doc. 9.] The Court next addresses Respondents' May 28, 2013 Motion to Dismiss.

## **Legal Standards**

### **I.      One-Year Statute of Limitations**

19.     Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, § 2254 petitions generally must be filed within one year from "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A primary goal of the AEDPA is to have post-conviction claims resolved at the earliest possible opportunity. *See, e.g.,* Williams v. Taylor, 529 U.S. 362, 385 (2000) (opinion of Stevens, J.) (noting that one purpose of AEDPA is to "curb delays"); id. at 404 (opinion of O'Connor, J.) (same); Rhines v. Weber, 544 U.S. 269, 276 (2005) (commenting that AEDPA's one-year limitations period "plainly serves the well-recognized interest in the finality of state court judgments" and that it "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review") (citations omitted).

20.     Notwithstanding the one-year period of limitations set out in AEDPA, the statute also contemplates that petitioners will seek relief from state courts in the first instance in order to exhaust their claims.  Thus, the one-year limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending, thereby balancing the interests served by the exhaustion requirement and the limitation

period. 28 U.S.C. § 2244(d)(2). *See* Rhines, 544 U.S. at 276. "This scheme reinforces the importance of Lundy's "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." Id. at 276-77 (*citing* Rose v. Lundy, 455 U.S. 509, 520 (1982)).

    21.    It is well settled however, that while a properly filed application for state post-conviction or other collateral review tolls the one-year limitations period, such "statutory tolling" is not available during the time period when a prior federal habeas proceeding is pending. York v. Galetka, 314 F.3d 522, 524 (10th Cir. 2003) (citation omitted). *See* Duncan v. Walker, 533 U.S. 167, 181 (2001) ("§ 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition").

## II. Equitable Tolling of One-Year AEDPA Limitations Period

    22.    In the Tenth Circuit, it is well established that "AEDPA's one-year statute of limitations is subject to equitable tolling ... only in rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2002) (quotation omitted). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, *reh'g denied*, 545 U.S. 1135 (2005). Stated differently, equitable tolling is appropriate "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson, 232 F.3d at 808 (citations omitted).

23. It is not sufficient to satisfy only one of the two elements for purposes of equitable tolling. To avoid the time bar, petitioner bears the burden of establishing both elements. Pace, 544 U.S. at 418; Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[E]quitable [tolling] available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."), *cert. denied*, 531 U.S. 1194 (2001). Moreover, the petitioner "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008).

## Analysis

### I.  Statutory Tolling

24. Hinzo's Judgment was final on July 25, 2008, with the expiration of his time to seek direct review. [Doc. 11, at 6; Doc. 19, at 1.] The date of July 25, 2008 is 115 days after his Petition for Writ of Certiorari was denied on April 11, 2008. Thus, the calculation includes the 90 days Mr. Hinzo could seek review of that denial plus fifteen days from the supreme court's denial of certiorari. *See* Locke v. Saffle, 237 F.3d 1269, 1271 (10th Cir. 2001) (noting petitioner has 90 days to seek direct review before the United States Supreme Court as part of the statutory tolling analysis); Serrano v. Williams, 383 F.3d 1181, 1185 (10th Cir. 2004) (discussing the fifteen days of tolling that typically are allowed).

25. Thus, without considering statutory tolling, Hinzo's deadline for filing a timely federal habeas petition was July 27, 2009 (Monday). [Doc. 11, at 6; Doc. 19, at 2.] There is

some statutory tolling, however, that extends the July 27, 2009 deadline ultimately to December 22, 2009. (*See* following calculations).

26.     First, on August 18, 2008, Hinzo filed a motion to amend judgement or sentence in state court. Eleven days later, on August 29, 2008, the state court dismissed the motion. Thus, Hinzo is entitled to eleven days of tolling with respect to the motion to amend.

27.     Next, six months later, on February 25, 2009, Hinzo filed a motion for evidentiary hearing and appointment of counsel, but it does not appear to be a "properly filed" post conviction motion that would toll the one-year limitations period because Hinzo did not attach a state habeas petition. When the state court denied the motion on March 12, 2009, it noted there was no state habeas proceeding pending then. Nonetheless, Hinzo filed an untimely petition for writ of certiorari, and on April 24, 2009, the New Mexico Supreme Court denied the untimely petition. The Court assumes without deciding, in an abundance of caution, that Hinzo is entitled to 58 days (rounded up to 60) of tolling based on the motion.

28.     At this point, Hinzo's original one-year deadline of July 27, 2009 is extended by a total of 71 days (11 plus 60) related to the two state court motions. The revised deadline would be October 6, 2009.

29.     Hinzo's first federal habeas petition, filed May 13, 2009, was timely, but because it was a mixed petition, it was dismissed, without prejudice. As noted above, the District Court expressly warned Hinzo that if he elected to dismiss the entire action without prejudice, rather than proceed with the exhausted claim, he risked limitations issues upon refiling in federal court.

30. During the pendency of the first federal habeas petition (before it was dismissed without prejudice), Hinzo filed a first state habeas petition on June 26, 2009. Again, assuming without deciding, the Court gives Hinzo the benefit of the doubt by tolling the time related to the first state habeas petition, from June 26, 2009 until September 11, 2009 (the date of the 30-day period in which Hinzo could have petitioned for review the state court's August 12, 2009 order dismissing the first state habeas petition.) Thus, Hinzo would be entitled to 77 additional days beyond the October 6, 2009 deadline, until approximately, December 22, 2009, in which to file a timely federal habeas petition.

31. The time Hinzo's first *federal* habeas petition was pending, from May 13, 2009 to June 29, 2010, did not serve to toll Hinzo's deadline to file the second federal habeas petition. However, Respondents agree, for purposes of giving Hinzo the benefit of the doubt, that there are 77 days of tolling during that period when Hinzo filed his first state habeas petition.

32. Even with generous statutory tolling, Hinzo did not file the second federal habeas petition until March 8, 2013, well after his December 2009 deadline.

33. Hinzo filed a second state habeas petition on October 8, *2010,* but that petition is not a "properly filed" application for state post-conviction review in terms of statutory tolling. This is because Hinzo filed that state petition well after his deadline to refile the second federal habeas petition. In other words, "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006), *cert. denied*, 551 U.S. 1149 (2007).

Moreover, after the New Mexico Supreme Court denied his petition on January 10, 2011, Hinzo waited over a year to file his third state habeas petition on March 5, 2012. Thus, the same is true for that petition. A petition filed in 2012 cannot toll the limitations period because it was well beyond the one-year time limit. *See* Hudson v. Miller, 2013 WL 5651282, at *2 (10th Cir. Oct. 17, 2013) (unpublished) (state proceedings filed within the one-year limitations period toll the bar, but those filed after that one-year period, even if they comply with state procedural requirements, do not extend the time to file a federal § 2254 petition) (citations omitted).

    34.    The Court concludes that Hinzo's present federal habeas petition, filed March 8, 2013 [Doc. 1], is well outside the one-year limitations period and is, therefore, untimely.

## II.    Equitable Tolling

    35.    In his response [Doc. 15], Hinzo claims he should have been found not guilty had the jury heard the issues he presented via his *pro se* habeas petitions and had he received an evidentiary hearing. In support of his position, Hinzo cites a portion of 28 U.S.C. § 2244 that pertains to second or successive habeas applications rather than the one-year limitations period that is at issue here. His reliance on § 2244(b)(2)(B)(ii) is misplaced and of no assistance to him.

    36.    Hinzo's argument may be one of actual innocence. In Garza v. Wyoming State Penitentiary Warden, 2013 WL 3306408, at *2-3 (10th Cir. July 2, 2013) (unpublished), the Tenth Circuit explained that "[a]ctual innocence serves more as an exception to the statute of limitations altogether than simply as a factor to toll the clock. 'In other words,' if a

defendant can make 'a credible showing of actual innocence,' he may pursue his § 2254 motion even if the statute of limitations has expired." (citations omitted). The Tenth Circuit elaborated:

> For the actual innocence exception to apply, [petitioner] must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (emphasis added). He must also "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

Id. at *3.

37. Here, Hinzo provides only a blanket assertion that he should have been found innocent. He failed to show why it was more likely than not that no reasonable juror would have convicted in light of any new or additional evidence. Thus, the Court is unpersuaded by Hinzo's summary conclusion that he was innocent. Mere argument without the required new and reliable evidence is not sufficient to equitably toll the one-year limitation period. Moreover, as discussed below, Hinzo falls short of demonstrating the required diligence in pursuing his claims in a timely manner. *See* Broadus v. Jones. 390 F. App'x 804, 808-09 (10th Cir. Aug. 12, 2010) (unpublished) (reasoning that the petitioner still must demonstrate reasonable diligence in pursuing his claims even if arguing actual innocence).

38. Hinzo next argues that the "continual action of filings, motions, and orders" along with his having "reached the highest court achievable – the Tenth Circuit Court of Appeals – and being granted a reverse/remand" support equitable tolling. [Doc. 15, at 4.] In

Hinzo's first federal habeas proceeding, the Tenth Circuit's reversal did not significantly change the outcome of the Court's dismissal of the proceeding. It merely required the District Court to dismiss the entire case, without prejudice, rather than dismissing the procedurally defaulted claims, with prejudice. It was a procedural correction, not a substantive change in the dismissal of Hinzo's petition. Thus, the fact that the Tenth Circuit reversed does not weigh in favor of equitable tolling.

39. Hinzo also asserts that Respondents ignored the many motions he filed between 2009 and 2013. [Id., at 4-5.] That is inaccurate. Respondents, like the Court, set out the procedural history of this case including each of Hinzo's motions and filings. However, as explained above, Hinzo's filings submitted after the December 2009 deadline do not serve to statutorily toll the one-year limitations period.

40. Hinzo further contends that the "basic context of [his] claims has remained the same for the past 6 years. Only difference being that of [his] clarity, details and facts and the statement of case law." [Id., at 7.] In the surreply, Hinzo similar argues that he "continually followed procedural and court rules in seeking justice for the past six years." [Doc. 21, at 2.] Hinzo states that he properly and diligently filed appropriate and timely motions or petitions, and that justice requires the Court to consider his present petition. [Id., at 4.]

41. Hinzo again asks the Court to apply equitable tolling to excuse his late-filed second federal habeas petition. He provides conclusory argument that he diligently pursued his claims in this matter merely because he filed many motions. The problem is many of his

15

filings and motions were submitted beyond the one-year limitation period and do not serve to toll the one-year time limit, nor do they demonstrate reasonable diligence.

42.     Hinzo's repeated assertions that he could not have done more in pursuing this matter over a period of six years do not explain why he failed to properly exhaust all of his claims before bringing his first federal habeas petition. For example, he allowed a six month period from August 29, 2008 to February 25, 2009 to pass without any explanation why he took no action then to exhaust all claims. In addition, instead of continuing to attempt to exhaust his claims after the New Mexico Supreme Court denied his untimely petition for writ of certiorari in April 2009, Hinzo inexplicably filed his first federal habeas petition. Months of time elapsed while that first federal habeas petition was pending that do not toll the one-year limitations period, even after giving Hinzo the benefit of the doubt by permitting some tolling for the first state habeas petition he filed in June 2009. In other words, Hinzo used up some of his limitations period by filing the first federal habeas petition without making "sure that you first have taken each [claim] to state court." Lundy, 455 U.S. at 520.

43.     To the extent that Hinzo may argue he did not realize he needed to submit certain filings by deadlines, such argument does not justify equitable tolling. The Tenth Circuit has held that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." Marsh, 223 F.3d at 1220 (quotation omitted).

44.     Hinzo's actions fall short of showing the required diligence in pursuing his rights when viewed against the delay of over six years in filing his second federal habeas

16

petition. With respect to gaps of time where Hinzo took no action or non-tolling action, he failed to supply "specific facts" to explain his failures. *See* Yang, 525 F.3d at 928.

45.     Even if the Court assumed Hinzo's many filings and motions were sufficient to demonstrate "reasonable diligence," Hinzo submitted no argument or support to show that "extraordinary circumstances" stood in his way and prevented timely filing. This is particularly true here where this Court expressly warned Hinzo in July 2009 [Doc. 13 in No. CIV 09-489] that he risked statute of limitations problems if he elected not to proceed with the exhausted claim and instead, decided to try to return to state court to exhaust all claims he included in that first federal habeas petition before refiling in federal court.

46.     The Court concludes that Hinzo did not satisfy his burden to show he acted with reasonable diligence in pursing his rights or that extraordinary circumstances prevented his timely filings. This case does not present "rare and exceptional circumstances" that warrant equitable tolling. Therefore, the Court will recommend that Hinzo's second federal habeas petition be denied as untimely and dismissed with prejudice.

## Recommended Disposition

The Court recommends finding that Hinzo did not satisfy his burden to demonstrate application of equitable tolling and further, that Hinzo's § 2254 petition [Doc. 1] is untimely and should, therefore, be dismissed, with prejudice.[2]

---

[2] *See* Brown v. Roberts, 177 F. App'x 774, 778 (10th Cir. Apr. 12, 2006) (unpublished) ("Dismissal of a petition as time barred operates as a dismissal with prejudice, meaning that future applications will be treated as 'second or successive' petitions subject to the heightened requirements of § 2244(b).").

The Court further recommends that under Rule 11 of the Rules Governing Section 2254 cases, a certificate of appealability not issue because Hinzo failed to make a substantial showing that he has been denied a constitutional right

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge