# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JASON HINZO,

       Petitioner,

v.                                                   No. CIV 13-228 LH/LFG

DEREK WILLIAMS, Warden, and
GARY K. KING, NEW MEXICO
ATTORNEY GENERAL,

       Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION

       THIS MATTER is before the Court on the Magistrate Judge's Findings and Recommended Disposition ("recommendations") [Doc. 25], filed November 6, 2013. The Magistrate Judge determined that Petitioner Jason Hinzo's ("Hinzo") § 2254 petition was time-barred under 28 U.S.C. § 2244(d)(1) and that equitable tolling would not extend the one-year limitations period. Therefore, the Magistrate Judge recommended that Respondents' Motion to Dismiss be granted with the result that Hinzo's petition be dismissed with prejudice. The Magistrate Judge further recommended that a certificate of appealability be denied.

       On November 22, 2013, Hinzo filed timely objections [Doc. 26] to the recommendations. The Court conducted a *de novo* review of those portions of the Magistrate Judge's recommendations to which Hinzo objects.

       Hinzo's objections primarily consist of summary argument and disagreement with the Magistrate Judge's recommendations. For example, Hinzo claims that the Magistrate Judge or Respondents made "inaccurate statements and calculations" [Doc. 26 at 2], but Hinzo fails to

identify specific inaccuracies or incorrect calculations. Hinzo further contends that the Magistrate Judge did not actually research the case and filings, yet again, this is nothing more than unsubstantiated, self-serving argument. Hinzo summarily asserts that his petition was not time-barred and that he met the criteria for "due diligence." [Id. at 2-3.] Hinzo, however, failed to present legitimate or persuasive grounds to support this Court's rejection or modification of the Magistrate Judge's findings and recommendations.

In addition to setting forth conclusory argument, Hinzo misunderstands the consequences of his decision to dismiss his prior federal petition without prejudice while he returned to state court to attempt to exhaust all claims. *See* Hinzo v. Tapia, et al., No. CIV 09-489 MCA/LFG ("first federal habeas proceeding"). Hinzo contends that his claims in this present proceeding ("second federal habeas proceeding") cannot be time-barred when the Court, in the first federal habeas proceeding, allowed him two choices: 1) dismiss the entire petition without prejudice so that he could attempt to exhaust all claims in state court, and re-file the petition later in federal court, notwithstanding the risk of statute of limitations issues; *or* 2) proceed with the first federal habeas proceeding on the single exhausted claim and dismiss all unexhausted claims. Hinzo mistakenly believes that having been given that choice in the first federal habeas proceeding meant that he would be able to later re-file the habeas claims in federal court without facing the one-year time bar. "How is it possible for the petitioner to both be given the opportunity to exhaust state remedies, and have the federal habeas petition still pending? [sic] or seek to exhaust state remedies and continue to toll the time for a 'properly filed federal habeas.'?" [Doc. 26 at 4.]

Hinzo was not given **both** the opportunity to exhaust state remedies **and** have the first federal habeas proceeding still pending. By failing to proceed with the one exhausted claim in the first federal habeas proceeding, Hinzo was permitted to attempt to exhaust all his claims in state court.

2

However, this occurred after the first federal habeas petition was dismissed, without prejudice. The first federal habeas proceeding was closed. The fact that the dismissal was without prejudice does not mean the Court held the first federal habeas petition in abeyance or that the first federal habeas petition tolled the limitation period. The Court did not hold the earlier petition in abeyance, and the first federal habeas petition did not toll the one-year limitations period. *See* York v. Galetka, 314 F.3d 522, 524 (10th Cir. 2003).

Moreover, in the first federal habeas proceeding, the Court expressly informed Hinzo of the risk he took if he elected to have the first petition dismissed, without prejudice, so as to attempt to exhaust the claims in state court and then re-file later in federal court. [Doc. 13 at 2, 6 in No. CIV 09-489.] Hinzo could have chosen to proceed with the one exhausted claim in the first federal habeas proceeding and to have dismissed all unexhausted claims. This way he was assured of proceeding on at least one exhausted claim. But, although forewarned that he risked statute of limitations issues, Hinzo took that chance.

In other words, after attempting to exhaust all claims in state court, Hinzo filed an entirely new federal habeas petition. As correctly determined by the Magistrate Judge, the new (second) federal habeas petition is time-barred. [Doc. 25.]

Hinzo also asserts that he is entitled to equitable tolling because he actively pursued his claims. He explains there were several problems with his state court filings, *e.g.*, that his habeas petition in state court was not accepted, that another state habeas petition was misfiled, and that he encountered other problems with state court filings. [Doc. 26 at 4-5.]

The Magistrate Judge determined, in part, that many of Hinzo's state court filings and motions were submitted beyond the one-year limitation period, and, therefore, could not have tolled the limitations period. Moreover, the Magistrate Judge found that the late filings in state court did

3

not demonstrate reasonable diligence.  The Court finds no error by the Magistrate Judge and no grounds to revise or modify the Magistrate Judge's findings as to equitable tolling.  Moreover, this case does not present "rare and exceptional circumstances" that justify equitable tolling.  *See* Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2002) (well established that one-year limitations period is subject to equitable tolling only under rare and exceptional circumstances).

For the reasons stated above, the Court agrees with the Magistrate Judge's findings and recommended disposition and overrules Hinzo's objections.

IT IS HEREBY ORDERED that: (1)the Magistrate Judge's Findings and Recommended Disposition [Doc. 25] are adopted by the Court; (2) Respondents' Motion to Dismiss [Doc. 10] is GRANTED; (3) Hinzo's § 2254 petition [Doc. 1] and this entire matter are DISMISSED, with prejudice; and (4) a certificate of appealability will not issue because Hinzo failed to make a substantial showing that he has been denied a constitutional right.

_____
SENIOR UNITED STATES DISTRICT COURT